UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| WADE LAY, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-21-605-J |
| AMERICAN CIVIL LIBERTIES UNION, et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, a state prisoner appearing pro se, filed a Complaint under 42 U.S.C. § 1983 complaining about conditions at the Oklahoma State Penitentiary (OSP) (Comp.) [Doc. No. 1]. The matter was referred for initial proceedings to United States Magistrate Judge Gary M. Purcell consistent with 28 U.S.C. § 626(b)(1)(B), (C). Judge Purcell screened the Complaint and issued a Report and Recommendation wherein he concluded that venue properly lies in the United States District Court for the Eastern District of Oklahoma. [Doc. No. 7]. Accordingly, Judge Purcell recommended that the Court transfer Plaintiff's action to that court. *See id.* Plaintiff has filed an objection (Pl.'s Obj.) [Doc. No. 9], triggering de novo review.

Judge Purcell correctly noted that it is within the Court's discretion to raise an affirmative defense, such as venue, sua sponte "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citation omitted). Plaintiff objects on grounds that the case is so complicated that nothing is obvious from the Complaint's face, *see* Pl.'s Obj. at 10-11, however the question is whether the affirmative defense is obvious. *See, e.g., Hererra-Zamora v. Crosby*, No. 18-CV-01913-GPG, 2018 WL 10561432, at *1 (D. Colo. Oct. 19, 2018) (reiterating that the

court may dismiss a claim sua sponte on . . . an affirmative defense if [that] defense is obvious from the face of the complaint), *aff'd sub nom.*, 769 F. App'x 670 (10th Cir. 2019). As the venue defense is obvious from Plaintiff's Complaint, Judge Purcell properly considered the issue on screening.

The Court also agrees with Judge Purcell's findings. Venue is proper in a civil action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391. Here, Plaintiff resides at OSP in McAlester, Oklahoma, a substantial part of the events occurred at OSP, and at least six of the ten defendants are employed at OSP. *See* Compl., *passim.* The Court judicially notices that McAlester, Oklahoma falls within Pittsburg County, Oklahoma, which is within the Eastern District. *See* 28 U.S.C. 116(b). Under such circumstances, venue is not proper in this Court.

Plaintiff generally complains that transfer would be "an act of evasion," Pl.'s Obj. at 16, but otherwise fails to articulate a legitimate objection. *See id., passim.* Accordingly, on de novo review, the Court ADOPTS the Report and Recommendation [Doc. No. 7] and TRANSFERS this action (and all pending motions) to the United States District Court for the Eastern District of Oklahoma.

IT IS SO ORDERED this 15th day of July, 2021.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE