IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

WADE LAY,

      Plaintiff,

v.

AMERICAN CIVIL LIBERTIES
UNION OF OKLAHOMA, et al.,

      Defendants.

Case No. 21-CV-214-JFH-SPS

**OPINION AND ORDER**

    Plaintiff is a pro se state prisoner in the custody of the Oklahoma Department of Corrections ("DOC") who is incarcerated at Oklahoma State Penitentiary ("OSP") in McAlester, Oklahoma. On June 11, 2021, Plaintiff filed a civil rights complaint in the United States District Court for the Western District of Oklahoma, pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations occurring at his facility. Dkt. No. 10. He named the following defendants: the American Civil Liberties Union of Oklahoma, the DOC, DOC Director Scott Crow, OSP Warden Farris, OSP Deputy Warden Green, Unit Manager Kirby, Officer Hood, Officer Debinder, Lt. Dixon, and the Oklahoma Inspector General. Dkt. No. 1. On July 15, 2021, Plaintiff filed an amended complaint [Dkt. No. 10], and on July 16, 2021, the case was transferred to this Court [Dkt. No. 13]. After review of the amended complaint, the Court finds Plaintiff must file a second amended civil rights complaint on the Court's form, as set forth below.

**Screening/Dismissal Standards**

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Second Amended Complaint**

No later than November 29, 2021, Plaintiff must file a second amended complaint on this Court's form. The second amended complaint must set forth the full name of each person he is suing under 42 U.S.C. § 1983. Plaintiff is responsible for providing sufficient information for service of process. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (plaintiff proceeding *in forma pauperis* and pro se had responsibility to provide correct names and proper addresses for service of process). Further, the names in the caption of the second amended complaint must be identical to those contained in the body of the second amended complaint, pursuant to Fed. R. Civ. P. 10(a). *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999) (holding that "a cause of action under § 1983 requires a deprivation of a civil right by a '*person*' acting under color of state law") (emphasis added). Because the American Civil Liberties Union of Oklahoma is not a "person," it is hereby **DISMISSED** from this action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Plaintiff also has named the Oklahoma Department of Corrections as a defendant. This agency, however, is entitled to dismissal under the Eleventh Amendment. The Eleventh Amendment bars suits in federal court against a state, regardless of the relief sought. When a state agency is named as a defendant, the Eleventh Amendment continues to bar the action "if the state

is the real, substantial party in interest."  Oklahoma has not consented to be sued in federal court, *see* Okla. Stat. tit. 51, § 152.1, and § 1983 does not abrogate states' sovereign immunity, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).  Because the Eleventh Amendment involves sovereign immunity, the official-capacity claims are dismissed "without prejudice" rather than "with prejudice."  *Rural Water Sewer & Solid Waste `Mgmt., Dist. No. 1, Logan County, Okla. v. Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011).  Therefore, the Oklahoma Department of Corrections is **DISMISSED** from this action.

The second amended complaint must include a short and plain statement of when and how each named defendant violated Plaintiff's constitutional rights and showing Plaintiff is entitled to relief from each named defendant.  *See* Fed. R. Civ. P. 8(a).  Plaintiff also shall identify a specific constitutional basis for each claim.  *See id*.  He is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim.  Plaintiff must go further and state how the named defendant's personal participation violated his constitutional rights.  The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983."  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted).

A second amended complaint completely replaces the original and first amended complaints and renders the original and first amended complaint of no legal effect.  *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990).  *See also* Local Civil Rule 9.2(c).  The second amended complaint must include all claims and supporting material to be considered by the Court.  *See* Local Civil Rule 9.2(c).  It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original or first amended complaints or exhibits.  *Id*.  It also may not include defendants

that are dismissed by this Opinion and Order. Pursuant to Local Civil Rule 5.2(a), the second amended complaint must be clearly legible, only one side of the paper may be used, and additional sheets of paper shall have margins of no less than one (1) inch on the top, bottom, and sides. The Court Clerk is directed to send Plaintiff a form for filing a second amended complaint.

IT IS **THEREFORE ORDERED that:**

1. Defendant American Civil Liberties Union of Oklahoma is **DISMISSED** from this action.

2. Defendant Oklahoma Department of Corrections is **DISMISSED** from this action.

3. Plaintiff is directed to file a second amended complaint on the Court's form no later than November 29, 2021, as directed in this Order.

4. The Court Clerk is directed to send Plaintiff a copy of the form for filing a second amended civil rights complaint in this Court.

5. Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 8th day of November 2021.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE